CHARLES W. HUTCHINSON AND WIFE'S APPEAL FROM PROBATE.

In an administration account, every item of receipt with which the administrator is chargeable, received after the filing of the inventory, and every item of expenditure which is to constitute a charge against the estate, should be distinctly and particularly entered, either in the account or in an appropriate schedule.

A testator gave a fund to trustees "to be held in trust for the following purposes : the income to be divided semi-annually and in equal portions among my six children, during the term of their natural lives ; and upon the death of any of them without heirs of their bodies, their shares shall become vested in the survivors equally and those who legally represent them." One of the children died without issue, before the death of the testator. Held that the remainder over took effect, and that the share of the deceased child vested in the surviving brothers and sisters absolutely and free from the trust.

The trustees were directed by the will to pay over to each of the testator's three daughters, out of the trust fund, the sum of $5,000. One of the daughters died before the testator, without issue. Held that her share lapsed, and under the statute became intestate estate.

APPEAL to the superior court from a decree of the court of probate for the district of Hartford, allowing and settling the

account of the executors of the will of Alonzo S. Beckwith, deceased. The following facts were found by the court.

The will of the testator, after providing for sundry legacies, disposed of the residue of his estate in the following terms:—

" All the rest and residue of my estate, both real and personal, wherever or however situate, to me belonging at the time of my death, I give and devise to my said executors and trustees, to them and their heirs forever ; to be by them held in trust, and for the uses and purposes hereinafter specified ; the same to be by them invested according to their judgment and discretion, in property real or personal, in stocks, bonds or obligations with interest, to secure the principal and produce an income. * * * *

"And I request my said trustees to pay my three daughters, Laura, Alice and Charlotte, within six months after my death, so much as, with the money by me previously advanced, shall make to each of said three daughters, individually, the sum of five thousand dollars.

"As to the residue of the said trust-fund, my will is that the income thereof be divided semi annually and in equal portions to my said six children, during the term of their natural lives. And upon the death of either of my said children without heirs of their bodies lawfully begotten, then their share of said trust-fund shall become vested in the surviving sons and daughters, equally, and to those who legally represent them. Otherwise, upon the death of said children, the trust in respect to them shall cease, and their share in said trust-fund shall be paid to their legal representatives.

"In the management of said trust, the said trustees will use their best judgment and skill ; and they are not to be personally liable for any mistakes or losses. The said trustees shall be excused from giving bonds, and in case of a vacancy by death or otherwise of any of said trustees, the survivor or survivors may supply the same.

" To prevent the said trust-fund, or the income therefrom, from being diverted to any purpose other than those herein specified, by any act of the parties who are or who may become interested therein, or by any legal process whatever,

I do hereby empower and require my said trustees, for the time being, to retain the said income, in part or in all, in their possession, or to expend the same at their discretion for the purposes aforesaid, at such times and in such manner, in money or other articles, as in their judgment will conduce to the comfortable support of the said three sons and three daughters and their families, and not otherwise."

Alice C. Beckwith, one of the daughters of the testator, died after the will was executed and before the death of the testator, unmarried and without children. No advancement had been made to her by the testator and no payment has been made to her representatives by the executors since his death. The appellant Laura W. Hutchinson was another daughter of the testator.

The account of the executors as allowed by the court of probate contained the following charges, made in gross, in the form here given, and with no schedule showing the particular items making up the gross amounts charged.

"Amount of debts paid,                    $60,675.45
    Legacies,                            32,700.00
    Executors,                            2,500.00
    Property on hand transferred to trustees,
        stocks, bonds, &c.,           793,985.75"

The reasons of appeal assigned by the appellants were,

1. That the above charges were allowed in gross, without any statement of the particular items.

2. That the legacy of $5000 had not been paid to the representatives of Alice C. Beckwith, nor charged in the account as payable to them.

3. That the share of said Alice in the trust-fund was charged in the account as transferred to the trustees; whereas it ought to have been divided among and paid over to her surviving brothers and sisters, free from the trust and in equal shares.

It was agreed between the parties that the questions with regard to the construction of the will, though not necessarily arising under the appeal, might be argued and decided. The

case was reserved by the superior court for the advice of. this court.

*Hubbard* and *Robinson*, for the appellants.

*Chamberlin*, for the appellees.

BUTLER, J. In this case the superior court must be advised that the decree appealed from should be reversed.

In the first place, it was error for the court to receive and·allow such an account. It is a mere balance sheet, unaccompanied by schedules, and does not present the action of the executors in settling the estate with that distinctness and particularity which a true construction of the statute, the policy of our law, and the decisions of this court, require. Every item of receipt with which an executor is chargeable, received after the filing of the inventory, should be distinctly and particularly entered, either in the account or some appropriate schedule; and so every item of expenditure which is to constitute a charge against the estate should be distinctly and particularly entered, either in the account or in a schedule containing all items of a similar class. That is the import of the decisions of *Swan* v. *Wheeler*, 4 Day, 137, and *Fairman's Appeal from Probate*, 30 Conn., 205; and to the policy which governed those decisions we shall inflexibly adhere.

And in the second place, we are of opinion· that the share of Alice in the trust-fund became vested absolutely in the surviving sons and daughters, and should be paid over to them by the executors and credited in the account.

This is the clear import of the clause in the will relating to the subject. Upon the death of either of the children without heirs, &c., their share of the trust-fund is to become vested in the surviving sons and daughters equally, and those who legally represent them. The language is technical, "shall become vested;" and technical language, used by one accustomed to draft wills, and who understood its force, is strong *prima facie* evidence of the intent of the testator, and

should prevail in giving a construction to the will unless controlled by some other general or particular intent clearly expressed. There can be no question here in relation to the subject matter. That is a share of the "trust-fund," and in every instance in which that term is used in the will it is used to denote the principal, in distinction from the income, of the residue of the estate given in trust to the executors. The meaning then of the term, "share of the said trust-fund," is a share or proportion of the principal of that residue, in distinction from the income. Upon the contingency of death that share or proportion is to become vested in the survivors. It obviously could not vest in them without ceasing to be vested in the executors, and they must necessarily be divested of the trust when divested of the legal title.

This construction is not opposed by any general or particular intent. All the residue, and the great body of the estate, is given to the executors in trust, with a provision to pay the income to the children during their lives, and with a subsequent discretion in respect to the time and manner of the payment. So far forth there was a general intent, but it was not exclusive. Absolute legacies were carved out of this trust-fund and given to the children. Moreover this disposition of the share of the deceased child is in precise conformity with the general intent clearly apparent in relation to the disposition by remainder. That disposition, in the event of there being grandchildren, is to them absolutely, and the clause in question includes the legal representatives of any other of the sons or daughters who may be deceased. The including of a class, who are within the general intent to give to the grandchildren absolutely, is strong confirmatory evidence that the testator intended that the share of every deceased child should be discharged from the trust, and be disposed of absolutely.

Inasmuch then as the language in question is technical, clearly relates to the principal of the fund, and cannot be operative without divesting the title of the trustees, and the plain import of it is not opposed by any general or particular intent, and is in conformity with the obvious intent in rela-

tion to the disposition of the remainder, there would seem to be no room for doubt in respect to the proper construction of the will.

The legacy of five thousand dollars to Alice, she having died without issue before the death of the testator, became, on his death, by our statute intestate estate, and should be distributed as such.

The superior court is advised to reverse the decree appealed from for these reasons.

In this opinion the other judges concurred.