Emily Welling Hayes *vs.* W. Brenton Welling
*Ex: et al.*

JANAURY 6, 1913.

Present: Dubois, C. J., Johnson, Parkhurst, Sweetland, and Vincent, JJ.

*(1) Probate Law. Filing Inventory.*

Executors without having returned an inventory and appraisal, filed an account charging themselves with various items of personal estate at valuations estimated by themselves, and without showing how such valuations were obtained. Such account was allowed by the probate court and on appeal by the Superior Court.

*Held,* that the filing of an inventory and appraisal in accordance with the statutes, was an essential preliminary to the settlement of an account.

*Held,* further, that no court had the power to dispense with or accept a substitute for the statutory method of obtaining this information.

*(2) Probate Law. Filing Inventory.*

*Held,* further, that Gen. Laws, 1909, cap. 311, § 8, providing that "No order or decree of a probate court which may be appealed from, or in any collateral proceeding when the same shall not have been appealed from, shall be deemed to be invalid, or be quashed for want of proper form, or for want of jurisdiction appearing upon the record, if the probate court had jurisdiction of the subject matter of such order or decree," had no application to the failure of executors to file an inventory and appraisal of an estate as required by statute.

Probate Appeal.    Heard on exceptions of appellant, and sustained.

Parkhurst, J.    This proceeding is a probate appeal from the decree of the town council of the town of North Kingstown, sitting as a court of probate, said decree dated March 14, 1910, allowing a so-called "amended preliminary account," of the appellees as executors under the will of Katharine C. Welling, late of said North Kingstown, deceased.

These executors, having been duly appointed and qualified pursuant to the terms of said will, without having returned the inventory and appraisal of personal estate as required by Gen. Laws, R. I. (1909), Chap. 313, §§ 1 and 2, on the 12th day of February, 1910, filed an account, in which they

charged themselves with various items of personal estate, at valuations estimated by themselves, and some of them necessarily involving numerous articles, in lump and without any attempt at any inventory or statement showing how such valuations are made out. The total amount with which these executors thus charge themselves is $645,540.28. At the hearing before the court of probate, counsel for the appellant formally reserved the point as to the requirement of an inventory.

The account as presented by the executors, without inventory or appraisal, was, after hearing, allowed by the town council sitting as a court of probate, by decree dated March 14, 1910; and from this decree the appellant in due time took and perfected her appeal, and the same was heard before a justice of the Superior Court, sitting without a jury; and said justice on December 20, 1911, announced his decision allowing the account as presented; and the appellant duly noted her exception to said decision, and has duly prosecuted her bill of exceptions to this court, and the case is now before this court upon said bill of exceptions.

Among the reasons of appeal, filed by the appellant upon her appeal from said decree of the probate court, is the following: "b. That said order and decree is erroneous in this that said account is not a proper account to be allowed by said probate court because said executors have not charged themselves either with the amount of the inventory of said estate or with the amount of the balance of the last account rendered by them."

Upon motion of the appellee in the Superior Court, and after hearing thereon by a justice of said court, this reason of appeal was stricken out on the ground, substantially, as set forth in his rescript by the justice, that the provisions of the statute (Gen. Laws, 1909, Chap. 319, § 2,) to be hereafter quoted, requiring executors to charge themselves with the amount of the inventory, etc., is directory rather than mandatory; and holding in substance that, as the executors, in lieu of an inventory, filed a statement or

schedule of the assets of the estate, supported by oath of the executors, although it lacks the appraisement and oath of ·the appraisers, it served the same purpose as a technical appraisement. The appellant duly excepted to this ruling of the justice, and this exception appears as the first exception set forth in the bill.

In considering the question thus raised as to the necessity of returning an inventory and appraisal as a preliminary to the settlement of an account, the court below and · counsel for the appellees seem to have ignored certain plain provisions of the statutes. Gen. Laws, 1909, provide as follows:

Chap. 313: "Inventory and Appraisal." Section 1. Every administrator except the husband as administrator on the personal estate of his wife, and every executor, unless he has given bond to pay the funeral charges, debts, and legacies of the testator, shall, within thirty days after his appointment or such longer period as may be allowed by the probate court, return to the probate court, under oath, a true inventory of all the goods, chattels, rights, and credits of the deceased which have come to the knowledge of such administrator or executor, with an appraisement thereof.

"Sec. 2. The property comprised in the inventory shall be appraised by three suitable disinterested persons appointed by the court. The appraisers shall be sworn to the faithful discharge of their trust."

Chap. 319: "Sec. 2. Accounts rendered by an executor or administrator to the probate court shall be for a period stated therein, and shall charge the executor or administrator with the amount of the inventory, or instead thereof, the amount of the balance of the last account rendered, as the case may be, and all income, and all gains from the sale of the personal property and all other property received by him, although not inventoried, and all rents and proceeds of sale of real estate received by the executor or administrator; said account shall credit all charges, losses and payments, including legacies and distributions and

specific personal property delivered, and shall also show the investments of the balance of such account, if any, and changes of investment."

By Chap. 320, Sec. 1, an executor is required to give a bond with sureties conditioned:

"First.  To make and return to the probate court as by law required a true inventory of all the testator's personal property which, at the time of making such inventory, shall have come to his possession or knowledge."

Counsel for the appellees appear to claim, and to have argued to the justice of the Superior Court who struck out the above reason of appeal, that inasmuch as the probate court had undoubted jurisdiction of the subject matter of the settlement of executors' accounts, it could, if it saw fit, accept the executors' statement of the assets of the estate as set forth in this account without any inventory or appraisal, and that having done so and allowed the account as presented, it appears to have considered that the schedule of assets filed as a part of the account "contained all of the information which an inventory could furnish."  And the justice of the Superior Court cites, in his consideration of this matter, as do also the appellees' counsel, Gen. Laws, of 1909, Chap. 311, § 8, which provides as follows: "Sec. 8.  No order or decree of a probate court which may be appealed from, or in any collateral proceeding when the same shall not have been appealed from, shall be deemed to be invalid, or be quashed, for want of proper form, or for want of jurisdiction appearing upon the record, if the probate court had jurisdiction of the subject-matter of such order or decree."  .  .  .  It would appear from this that the justice of the Superior Court, as well as counsel for the appellees, contend that the filing of an inventory and appraisement, as a preliminary to the accounting by administrators and executors, is a mere matter of form, and may be dispensed with by the probate court and by the appellate court of probate if in their discretion they see fit.

This court is unable to agree with this contention.  In view of the plain provisions of the statutes above quoted,

we think it is the duty of the executor or administrator to obey the law, and of the probate court to enforce it, particularly in view of the provision that the very first condition of the probate bond is "to make and return as by law required a true inventory," &c. It is futile to say that the executor may, in some other way, "give all the information which an inventory could furnish," or that the court can find out in some other way all that it requires to know.

The statutes have pointed out the way in which the necessary information shall be furnished as the basis of the accounting; and no court in the State has the power or authority to dispense with this way and accept some other way, acting on its own belief, or on the suggestion of counsel or parties, that "it is just as good."

In the case of *Potter* v. *M'Alpine*, 3 Dem. (Surr. N. Y.) 108, in speaking of the illegality of a provision of a will exonerating the executors from filing any inventory, the surrogate well says, pp. 127–128: "An executor is required by law within a reasonable time after qualifying, with the aid of appraisers, to make a true and perfect inventory of all the goods, chattels and credits of his testator (2 R. S., 82, § 2). This inventory shall be filed with the surrogate within three months after the issue of letters. If this is not done, he may be compelled, on the application of a creditor, or person interested in the estate, to perform such duty; and in case of default he may be committed to jail (Code Civ. Pro., § § 2715, 2716). In actions and special proceedings, the inventory is presumptive evidence of the amount and value of the estate, both for and against the executor. It would often be extremely difficult, if not impossible, to prove what property came into the possession of an executor if he were excused from making and returning an inventory thereof. If the executor converts to his own use, makes away with or fraudulently withholds any of the money or property of the estate, he is guilty of embezzlement (L. 1877, ch. 208). If a testator can dispense with the making of an inventory by will, many of the safeguards thus thrown around the estate which comes

to the hands of the executor would be thrown down, and fraud and misappropriation of the trust property would be rendered much easier and less liable to detection than at present. It is against public policy to permit such interference with the forms of procedure established by law, or to remove the barriers designed to protect estates from misappropriation. The safety, preservation and honest distribution of decedent's estate require that provisions like the one in question should be declared invalid and of no effect."

In the case of *In re Jones*, 1 Redf. (Surr. N. Y.) 263, at p. 265, the surrogate says: "The inventory is the basis of the accounting. How can the surrogate make allowances for property lost and for decrease, as he is authorized to do by Sections 56 and 57 of said article, except on reference to the inventory which the executor is required to file?"

See, also, as to the necessity of filing the inventory and appraisal as provided by law: *Est. of Selna*, Myrick (Cal. Surr.) 233; *Hutchinson's Appeal*, 34 Conn. 300; *Est. of Squire*, 11 Phila. 110, 111.

See, also, *Stillman* v. *Moore*, 28 R. I., 548, 554, where this court said of a probate account allowed by decree of a probate court from which an appeal was taken: "The original account was not a proper account, in that it did not charge the administrator with the amount of the inventory and the gain thereon; did not credit him with the loss on the same; and did not show the investment of the balance of the account as required by law." In that case it was directed, owing to the informalities and irregularities of the proceedings, both in the probate court and in the Superior Court that the decree of the Superior Court be vacated, that the Superior Court reverse the decree of the probate court appealed from to the end that an account in proper form might be newly filed in the probate court and proceedings be taken thereupon according to law. We think this latter case is a plain recognition of the essential requirements of the laws above cited as to the filing of inven-

tory and appraisement as a foundation for the accounting required to be had in probate courts.

None of the cases cited by the appellees in support of their contentions upon this point in any way disturb our conclusion. It is true that the acceptance and recording of an inventory by a probate court is held not to be a judgment so as to conclude the administrator from correcting a mistake therein, as was held in *McGinity* v. *McGinity*, 19 R. I. 510; but that is not to say that it is a mere matter of form which may be dispensed with at the discretion of the probate court, or of the Superior Court. Nor does the provision of the statute above quoted that the executor or administrator shall be charged with "all the property received by him although not inventoried," in any way modify the plain and explicit requirement of the statute. The effect of the *McGinity* case, as well as of the last cited provision of the statute is simply to show that the parties to a probate accounting are not to be so concluded by the inventory and appraisement as to prevent a full and fair accounting ultimately of all property for which the executor or administrator ought to be properly accountable. And this is the purport of the other authorities cited on behalf of the appellees upon this point.

Several other points of interest to the parties are raised by the other exceptions in this proceeding; but as this court is of the opinion that the account should not have been allowed by the probate court by reason of the failure of the accountants to obey the law with regard to an inventory and appraisal, and that the justice of the Superior Court was in error in striking out that one of the reasons of appeal which raised this question, and that the Superior Court should on the contrary have permitted that reason to stand and should have reversed the decree of the probate court upon that ground; and inasmuch as the whole accounting must fall for the reasons above stated, it becomes futile for this court to consider the other exceptions. We do not know of any way in which, if we should proceed to con-

sider these other questions, we could so frame a decree as to make a decision of them effectual, in view of the decision that, under our view of the law, there is no legal accounting by the accountant appellees. Nor is it certain that the questions, or all of them involved in these other exceptions will necessarily arise again upon an account properly taken hereafter. The principal question raised as to whether the appellant is indebted to the estate for various sums of money loaned to her by her mother, or whether these sums of money were given to her by way of advancement and whether the subsequent execution of her mother's will without mention of such advancement released the appellant from any liability to have them taken out of her share of the estate, may, conceivably, be raised and settled in other proceedings between the parties, or may be eliminated by action of the parties themselves. At any rate, we are convinced that we cannot now proceed to decide the other questions involved in the other exceptions, if for no other reasons, because it would be to attempt to decide by way of anticipation questions which may or may not arise upon a proper and lawful accounting by the executors.

The appellant's first exception is sustained. The case is remitted to the Superior Court for the County of Washington, with direction to enter its decree, reversing the decree of the probate court of the town of North Kingstown, entered on the 14th day of March, 1910, allowing the so-called "amended preliminary account," of William Brenton Welling and Richard Ward Greene Welling, executors under the will of Katharine C. Welling, to the end that proper proceedings may be taken in the probate court of North Kingstown by said executors, with regard to their accounting in said court, according to law.

*Mumford, Huddy and Emerson,* for appellant.

*Charles C. Mumford, J. Noble Hayes,* of counsel.

*Green, Hinckley and Allen,* for appellees.

*Theodore Francis Green, Frederick W. Tillinghast,* of counsel.